IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PATRICIA ANN THOMAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H:12-3497 |
| | § | |
| OCWEN LOAN SERVICING, LLC, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM AND ORDER

Pending is Defendant's Motion to Dismiss for Failure to State a Claim (Document No. 4). After carefully considering the motion, response, and applicable law, the Court concludes as follows.

I. Background

Plaintiff Patricia Ann Thomas ("Plaintiff") purchased property located at 8926 Windfern, Houston, Texas in February 2007.[1] She entered into a contract with Saxon Mortgage, Inc. ("Saxon") to finance the purchase, and her initial monthly payments were $2,000 a month. Saxon was acquired by Defendant Ocwen Loan Servicing, LLC ("Defendant"). Plaintiff continued to make her monthly payments to Defendant. Plaintiff alleges that she contacted Defendant to explore available workout options when she "began experiencing some

---

[1] Document No. 1, ex. A-2 at 3 (Orig. Cmplt.).

changes in her employment and income."[2] One of Defendant's representatives told Plaintiff that she needed to be two to three months behind on her mortgage to qualify for a loan modification. In February 2012, Plaintiff applied for a loan modification and was rejected under the HAMP program. She alleges that she was told to reapply under Defendant's streamlined mortgage modification plan.[3] She alleges that in the process of discussing the modification, she "noticed that her escrow account analysis was grossly incorrect and continuing to reflect impounds for insurance and ad valorem taxes that she was paying directly."[4] Plaintiff alleges that Defendant issued a notice of acceleration and notice of foreclosure sale for October 2, 2012. Plaintiff separately alleges that she was "prematurely posted for foreclosure" on October 11, 2012 with a sale date of November 6, 2012.[5] Her attorney sent a Qualified Written Request, pursuant to 12 U.S.C. § 2605(e), "in order to review and evaluate her loan payment history including interest rate charged and insurance escrow impounds held and/or paid."[6]

Plaintiff alleges claims for statutory violations of the Texas Property Code, Texas Finance Code, and Texas Administrative Code,

---

[2] Id.

[3] Id., ex. A-2 at 3-4.

[4] Id., ex. A-2 at 4.

[5] Id.

[6] Id.

violations of the Texas Deceptive Trade Practices Act, breach of contract, wrongful foreclosure, and negligence.[7]

## II. Discussion

### A. Legal Standard

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). When a district court reviews the sufficiency of a complaint before it receives any evidence either by affidavit or admission, its task is inevitably a limited one. See Scheuer v. Rhodes, 94 S. Ct. 1683, 1686 (1974). The issue is not whether the plaintiff ultimately will prevail, but whether the plaintiff is entitled to offer evidence to support the claims. Id.

In considering a motion to dismiss under Rule 12(b)(6), the district court must construe the allegations in the complaint favorably to the pleader and must accept as true all well-pleaded facts in the complaint. See Lowrey v. Tex. A&M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997). To survive dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

---

[7] Document No. 1, ex. A-2 at 5-13.

3

reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009). While a complaint "does not need detailed factual allegations . . . [the] allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." <u>Twombly</u>, 127 S. Ct. at 1964-65.

B.  <u>Analysis</u>

   1.  <u>Texas Finance Code and Texas Administrative Code Violations</u>

Reading the complaint in the light most favorable to Plaintiff, the allegation is that Defendant never gave Plaintiff a disclosure notice required under Texas law, and therefore Plaintiff was prevented from knowing who to contact in case of a complaint against her mortgage servicer.[8] Plaintiff contends that this right is "reinforced" in Section 79.2 of Title 7 of the Texas

---

[8] Document No. 1, ex. A-2 at 7. The complaint states that Defendant failed to provide the disclosure, but then later said that Saxon failed to provide the disclosure when it assumed the loan from Countrywide Home Loans. This allegation is wholly inconsistent with Plaintiff's earlier allegation that Saxon was the original lender. To the extent that Plaintiff is attempting to hold Defendant liable for Saxon's failure to provide a disclosure, the Court notes that Plaintiff does not allege or cite to any facts showing that this statutory provision was in effect when Plaintiff and Saxon entered into the contract or during the time Saxon was servicing the loan.

4

Administrative Code. Defendant contends that this provision does not create a private cause of action.

Chapter 158 of the Texas Finance Code contains regulations governing the conduct of residential mortgage loan servicers, including requiring them to register with the Department of Savings and Mortgage Lending. *See* TEX. FIN. CODE § 158.001 *et seq.* (West 2013). Section 158.101 requires a registered mortgage servicer to provide a disclosure statement no later than the 30th day after the registrant commences servicing a loan informing the borrower that: "COMPLAINTS REGARDING THE SERVICING OF YOUR MORTGAGE SHOULD BE SENT TO THE DEPARTMENT OF SAVINGS AND MORTGAGE LENDING . . . . A TOLL-FREE CONSUMER HOTLINE IS AVAILABLE AT _____ . . . ." TEX. FIN. CODE § 158.101 (West 2013). Section 79.2 of Title 7 of the Texas Administrative Code states that:

> (a) A registrant shall provide to the borrower of each residential mortgage loan the disclosure contained in the following figure not later than the 30th day after the registrant begins servicing the loan.
>
> (b) In order to let borrowers know how to file complaints with the Department, Residential Mortgage Loan Servicer registrants must include the disclosure contained in the following figure in all correspondence provided to borrowers: . . . ."

7 Tex. Admin. Code § 79.2 (2013) (Tex. Dep't of Sav. and Mortg. Lending, Residential Mortgage Loan Servicers, Required Disclosures). The disclosure mentioned in § 79.2 mirrors that in § 158.101, with the additional inclusion of contact information

that is left blank in the Texas Finance Code. Texas Finance Code § 158.03 went into effect September 1, 2011, and the corollary administrative code provision became effective January 5, 2012. The parties cite to no case law, and this Court has found none, applying either of these provisions.

The Texas Supreme Court has stated that, "[w]hen a private cause of action is alleged to derive from a constitutional or statutory provision, our duty is to ascertain the drafters' intent." Brown v. De La Cruz, 156 S.W.3d 560, 563 (Tex. 2004) (citing Rocor Int'l, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA, 77 S.W.3d 253, 260 (Tex. 2002)). A cause of action "may be implied only when a legislative intent to do so appears in the statute as written." Id. at 567.

Section 158.101 contains no language indicating that an individual may bring a cause of action for a registered mortgage servicer's failure to comply with the disclosure requirements. Section 158.101 contains within it no penalty at all for failure to comply with this requirement. Chapter 158, as a whole, contains an administrative enforcement mechanism. Complaints brought to the Department of Savings and Mortgage Lending are investigated by the Savings and Mortgage Lending Commissioner, or his designee, and the commissioner can then issue an order requiring the registrant to pay the consumer damages "that the consumer would be entitled to under law" or order the registrant to cease and desist from its

activities that are in violation of the law. TEX. FIN. CODE §§ 158.102, 158.103, 158.106 (West 2013). The chapter thus establishes an enforcement mechanism through the commissioner, not the courts. There is nothing in the statute that clearly implies the legislature's intent to create a private cause of action. Likewise, the § 79.2 in Title 7 of the Texas Administrative Code, which sets forth the procedures for the Department of Savings and Mortgage Lending in executing chapter 158 of the Texas Finance Code, does not contain a private cause of action. Plaintiff's claim for statutory violations under these provisions is dismissed.

2. <u>Texas Deceptive Trade Practices Act Violations</u>

Plaintiff alleges that Defendant violated the Texas Deceptive Trade Practices Act ("DTPA") by attempting to foreclose on Plaintiff's home without answering Plaintiff's questions about the servicing of the loan.[9] Plaintiff also alleges that Defendant violated the DTPA by its "unconscionable actions."[10]

---

[9] Document No. 1, ex. A-2 at 8. Plaintiff further states that Defendant violated the Texas Deceptive Trade Practices Act in "posting the wrong property for foreclosure and attempting to evict him for his homestead." <u>Id.</u> Plaintiff pleads no facts to support such an allegation of posting of the wrong property for foreclosure, and considering that the masculine pronoun is used to describe Plaintiff, this accusation appears more likely to have been carelessly copied from somebody else's complaint. The conclusory assertion is not sufficient to state any sort of claim.

[10] <u>Id.</u>

7

To prevail on a DTPA claim, the plaintiff must show that (1) she is a consumer, (2) the defendant engaged in false, misleading, or deceptive acts, and (3) these acts constituted a producing cause of her damages. *See* <u>Monumental Life Ins. Co. v. Hayes-Jenkins</u>, 403 F.3d 304, 320 n.33 (5th Cir. 2005). The DTPA grants "consumers" a cause of action for false, misleading, or deceptive acts or practices. TEX. BUS. & COM. CODE § 17.50(a)(1); *see also* <u>Amstadt v. U.S. Brass Corp.</u>, 919 S.W.2d 644, 649 (Tex. 1996). Whether someone is a consumer is a question of law. <u>Holland Mortg. & Inv. Corp. v. Bone</u>, 751 S.W.2d 515, 517 (Tex. App.--Houston[1st Dist.] 1987, writ ref'd n.r.e.). A "consumer" is "an individual . . . who seeks or acquires by purchase or lease, any goods or services . . . ." TEX. BUS. & COM. CODE § 17.45(4). Under the DTPA, money is not a good, and a loan merely for "the use of money" is not a service. <u>Riverside Nat'l Bank v. Lewis</u>, 603 S.W.2d 169, 174-75 (Tex. 1980). If a borrower's primary objective in seeking a loan is to obtain an intangible, such as cash, that borrower is not a consumer. <u>Knight v. Int'l Harvester Credit Corp.</u>, 627 S.W.2d 382, 388-89 (Tex. 1982). Borrowers may be consumers under the DTPA, however, if their primary objective in seeking a loan is to purchase goods, real property, or services. *See, e.g.*, <u>Flenniken v. Longview Bank & Trust Co.</u>, 661 S.W.2d 705, 707-08 (Tex. 1983) (finding that the plaintiffs were consumers because their ultimate objective in seeking the loan was to buy a house); <u>Knight</u>, 627

S.W.2d at 388-89 (finding that the plaintiff was a consumer because his purpose in obtaining an extension of credit was to purchase a dump truck). In addition, the Texas Supreme Court has held that to be a consumer under the DTPA, the goods or services sought or acquired by the consumer must form the basis of his complaint. Sherman Simon Enter., Inc. v. Lorac Serv. Corp., 724 S.W.2d 13, 15 (Tex. 1987). "The plaintiff has consumer status only to the extent that his complaint deals with the property, not the loan itself." Bejjani v. Wilmington Trust Co., Civ. A. No. H-10-2727, 2011 WL 3667569, at *5 (S.D. Tex. Aug. 22, 2011) (Hoyt, J.).

Here, Plaintiff's complaint seeks to hold Defendant liable under the DTPA for its actions in servicing the loan. The basis of Plaintiff's complaint is the loan, not the property, and Plaintiff has pled no facts to support a consumer claim under the DTPA. Accordingly, this claim is dismissed.[11]

---

[11] In response to the motion to dismiss, Plaintiff does not defend her DTPA claim but shifts ground to argue that Defendant violated the Texas Debt Collection Practices Act ("TDCPA") when it "refused to resolve Plaintiff's disputes regarding loss mitigation and proceeded to foreclosure." Document No. 7 at 11. This approach fails as well: to assert a DTPA claim through the TDCPA, as a tie-in statute, she still must allege facts to show that she is a consumer under the DTPA. See Swim v. Bank of America, N.A., Civ. A. No. 3:11-CV-1240-M, 2012 WL 170758, at *6 (N.D. Tex. Jan. 20, 2012) ("A plaintiff claiming a DTPA violation through a tie-in statute, such as the TDCPA, must still be a 'consumer' under the DTPA.").

3.  Breach of Contract

Plaintiff contends that Defendant breached the Note and Deed of Trust through its actions described in the complaint. Defendant moves to dismiss this claim solely on the basis of Plaintiff's failure to allege that she performed under the contract.[12] Defendant's motion to dismiss this claim, based only on this omission in the pleadings, is denied.

4.  Wrongful Foreclosure

Plaintiff alleges two causes of action: one for statutory violations of the Texas Property Code and another for wrongful foreclosure and statutory violations of the Texas Property Code.[13] Defendant does not address the alleged Texas Property Code violations, and moves to dismiss only the wrongful foreclosure claim based on the absence of a foreclosure sale.

"The elements of a wrongful foreclosure claim are: (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price." Sauceda v. GMAC Mortg. Corp., 268 S.W.3d 135, 139 (Tex. App.--Corpus Christi 2008, no pet.). To maintain a cause of action for wrongful foreclosure,

---

[12] Document No. 4 at 5-8.

[13] Document No. 1, ex. A-2 at 5, 10.

the foreclosure must have actually occurred. See <u>Owens v. BAC Home Loans Servicing, L.P.</u>, Civ. A. No. H-11-2742, 2012 WL 1494231, at *3 (S.D. Tex. Apr. 27, 2012) (Rosenthal, J.) ("Texas law does not recognize a cause of action for attempted wrongful foreclosure."); <u>Biggers v. BAC Home Loan Servicing, L.P.</u>, 767 F. Supp. 2d 725, 730 (N.D. Tex. 2011) ("Because under Texas law an inadequate selling price is a necessary element of a wrongful foreclosure action, a foreclosure sale is a precondition to recovery.").

It is apparent from the face of the complaint that Defendant did not foreclose on Plaintiff's property.[14] Plaintiff actively moved to enjoin a foreclosure sale and successfully obtained in state court a temporary restraining order to prevent a foreclosure sale for a period of time. Plaintiff has not amended to plead that Defendant foreclosed on the property after the temporary restraining order expired. Accordingly, Plaintiff's claim for wrongful foreclosure is dismissed.

5. <u>Negligence</u>

Defendant moves to dismiss Plaintiff's negligence claim, arguing that it is barred by the economic loss rule. Defendant may well be correct, but at the pleading stage and on a disfavored motion such as this, the Court must construe all well pleaded facts

---

[14] <u>Id.</u>, ex. A-2 at 14 (seeking to enjoin Defendant from foreclosing on the property).

11

favorable to Plaintiff. Having done so, Defendant's motion to dismiss the negligence claim is denied.

### III. Order

For the foregoing reasons, it is therefore

ORDERED that Defendant's Motion to Dismiss for Failure to State a Claim (Document No. 4) is GRANTED as to Plaintiff's claims for statutory violations of the Texas Finance Code and Texas Administrative Code, violations of the Texas Deceptive Trade Practices Act, and wrongful foreclosure. The motion is otherwise DENIED.

The Clerk will enter this Order, providing a correct copy to all parties of record.

SIGNED at Houston, Texas, on this 25TH day of June, 2013.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE